UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                              :
UNITED STATES OF AMERICA,                     :
                                              :    1:95-cr-1027-PAC
                            Respondent,       :
                                              :    1:16-cv-4664-PAC
        -against-                             :
                                              :
RANDY VARONA,                                 :    **ORDER DENYING PETITION**
                                              :    **UNDER 28 U.S.C. § 2255**
                            Defendant-Movant. :
                                              :
----------------------------------------------------------X

Randy Varona petitions under 28 U.S.C. § 2255 to vacate his quarter-century-old conviction and sentence for "[p]ossession of a firearm in relation with a crime of violence" in violation of 18 U.S.C. § 924(c). Judgment 1, ECF No. 27.[1] Varona argues that his § 924(c) conviction is invalid because the predicate offense, murder in aid of racketeering in violation of 18 U.S.C. § 1959(a), is not categorically a "crime of violence." Mem. Supp. Mot. to Vacate Under 28 U.S.C. § 2255 at 1, ECF No. 65 ("Br. Supp."). Varona argues that murder in aid of racketeering is indivisible, meaning that the Court is not permitted to consider Varona's plea allocution to determine which type of murder Varona, in fact, committed. *Id.* at 11–15. Varona contends that murder in aid of racketeering encompasses reckless conduct and felony murder, which do not necessarily involve the use of physical force against the person of another, so murder in aid of racketeering cannot categorically be a crime of violence under § 924(c)(3)(A). *Id.* at 8–11. Alternatively, Varona argues that even if the Court considers the plea allocution and concludes that Varona committed an intentional murder, his murder in aid of racketeering still cannot categorically be a crime of violence because it can be committed by omission, and

---

[1] Unless otherwise indicated, all ECF citations are to the criminal docket, No. 95-cr-1027.

1

omission is a form of inaction that does not constitute a "use" of physical force. *Id.* at 16–21. The Court concludes that (1) 18 U.S.C. § 1959(a) is divisible; (2) Varona committed an intentional murder; and (3) intentional murder in aid of racketeering is a crime of violence within the meaning of § 924(c)(3)(A), even though one can commit the offense through omission. Therefore, Varona's § 924(c) conviction was predicated on a valid crime of violence, and Varona's petition is denied.

## BACKGROUND

On July 26, 1996, Varona waived his right to an indictment and pleaded guilty to all three counts of the (S2) Superseding Information. ECF Nos. 24–25. Count One charged Varona with participation in a racketeering enterprise in violation of 18 U.S.C. § 1962(c); Count Two charged Varona with using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and Count Three charged Varona with conspiracy to use a dangerous weapon in aid of racketeering activity in violation of 18 U.S.C. § 1959(a). Superseding Information 1–4, ECF No. 25. The predicate "crime of violence" for Count Two was "the murder in aid of racketeering of Pedro Melle." *Id.* at 4; Br. Supp. at 2.

On April 10, 1997, the Honorable John S. Martin, Jr. sentenced Varona to 20 years' imprisonment on Count One, five years on Count Two, and three years on Count Three, to be served consecutively, for a total of 28 years' imprisonment. Judgment 2; *see also* Docket Entry dated Apr. 10, 1997. Varona was released on July 19, 2019. Br. Supp. 3. Judge Martin also imposed a term of 3 years' supervised release to begin upon Varona's release from prison. Judgment 3. Varona did not appeal this judgment of conviction. Mot. to Vacate Under 28 U.S.C. § 2255 at 3, ECF No. 59 ("§ 2255 Mot.").

On June 17, 2016, Varona filed a placeholder habeas petition[2] to vacate his conviction and sentence under Count Two, arguing that murder in aid of racketeering cannot serve as the predicate crime of violence for his § 924(c) offense because *Johnson v. United States*, 576 U.S. 591 (2015), invalidated the "residual clause" found in § 924(c)(3)(B)'s definition of a "crime of violence," and murder in aid of racketeering is not categorically a crime of violence under § 924(c)(3)(A)'s "elements clause" "because it does not necessarily require, as an element, either (1) the presence of violent physical force or (2) the intentional employment of such force." § 2255 Mot. 5.

Upon his release from custody on July 19, 2019, Varona began serving his term of supervised release.[3] Br. Supp. 3. Counsel filed a memorandum of law in support of Varona's habeas petition on October 21, 2019 (*id.*), and the Government opposed the petition on December 20, 2019, arguing that Varona's petition is procedurally defaulted and without merit (Mem. Opp'n, ECF No. 70). The parties also raised supplemental authority to the Court's attention (*see* ECF Nos. 71–73).

---

[2] *See* Standing Order In Re Petitions Under 28 U.S.C. §§ 2255 & 2241 In Light of *Johnson v. United States*, ECF No. 60.

[3] Where a petitioner challenges a criminal conviction (as opposed to challenging the sentence), the court is to presume the existence of collateral consequences sufficient to meet the case-or-controversy requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998). Thus, the fact that Varona is no longer in custody does not, without more, moot his petition. Although Varona does not challenge his other two convictions, which would continue to impose civil disabilities upon him (such as the inability to vote or serve as a juror, *see Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968)) even if his conviction under Count Two were vacated, the Court presumes (without any evidence from the Government to the contrary) that the term of supervised release Varona is serving could be reduced if his § 924(c) count were vacated and he were resentenced. *See* Judgment 3 (imposing a term of supervised release of three years, but not specifying how that term was allocated between each of the three Counts).

3

# DISCUSSION

## I. Applicable Law

A prisoner who is in custody on a federal conviction may move the sentencing court to vacate, set aside, or correct the sentence on the grounds that it was imposed in violation of the Constitution or the laws of the United States or is otherwise subject to collateral attack. 28 U.S.C. § 2255. The petitioner bears the burden of proving his entitlement to relief by a preponderance of the evidence. *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000).

## II. Procedural Default

A defendant is generally barred "from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). But there is an exception: the defendant may bring his challenge if he "establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Id.* To show cause, the movant must establish that an objective obstacle prevented him from raising the issue on direct appeal, e.g., that the claim is so novel that it was not reasonably available to the movant at the time of his appeal. *Bousley v. United States*, 523 U.S. 614, 622 (1998). To show prejudice, the movant must establish "an error that 'worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimension.'" *Sanchez v. United States*, Nos. 16-CV-9418, 10-CR-392-19, 2021 WL 1164538, at *2 (Mar. 25, 2021) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). And actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

The Government argues that because Varona failed to appeal his conviction, he has procedurally defaulted his claim that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. Opp'n 9–11. The Government contends that, because several litigants had raised vagueness

4

challenges to other aspects of § 924(c) at the time that Varona's conviction became final in 1997, and one raised a vagueness challenge to § 924(c)'s definition of "crime of violence" in 1998 (as it related to possession of a firearm silencer), Varona's vagueness challenge to the residual clause was not "so novel that its legal basis [was] not reasonably available to counsel." Opp'n 9–10 (quoting *Whitman v. United States*, 754 F. App'x 40, 42 (2d Cir. 2018)) (alteration in original). But without any evidence that *United States v. Davis*, 139 S. Ct. 1204 (2018), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), or *Johnson v. United States*, 135 S. Ct. 2551 (2015) were even a tiny blip on "anybody's radar screen in 1997 or 1998," the Court "will assume that the claim here is so novel that it was not reasonably available to counsel at the time." *Vilar v. United States*, Nos. 96-CR-551, 16-CV-5283, 2020 WL 85505, at *2 (S.D.N.Y. Jan. 3, 2020). Nevertheless, Varona has not established that he was prejudiced or that he is actually innocent, because, as explained below, the predicate offense (which Varona does not claim to be innocent of) is a crime of violence under § 924(c)(3)(A)'s elements clause. *See Sanchez*, 2021 WL 1164538, at *3. Accordingly, Varona's motion is procedurally barred, and it also fails on the merits.

### III. Merits

"A defendant is guilty of violating Section 924(c) if he used or carried a firearm during and in relation to, or possessed a firearm in furtherance of, a 'crime of violence' or 'drug trafficking crime.'" *DeJesus v. United States*, Nos. 16 CV 4878, 11 CR 974-03, 2019 WL 6711478, at *2 (S.D.N.Y. Dec. 10, 2019) (quoting 18 U.S.C. § 924(c)(1)(A)). Following the Supreme Court's holding that § 924(c)(3)(B)'s residual clause is unconstitutionally vague (*Davis*, 139 S. Ct. at 2336 (2019)), only an offense that satisfies § 924(c)(3)(A)'s elements clause can qualify as a crime of violence predicate to a § 924(c) charge. *Boykin v. United States*, Nos.

5

16 CV 4185, S11 10 CR 391-61, 2020 WL 774293, at *5 (S.D.N.Y. Feb. 18, 2020) ("[Section] 924(c)(3)(B) has been effectively stricken from the statute."). The elements clause defines a "crime of violence" as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

To resolve whether a given felony is a crime of violence under the elements clause, courts employ one of two analytical paths: (1) the "categorical approach," or (2) the "modified categorical approach." *Boykin*, 2020 WL 774293, at *5 (citing *Mathis v. United States*, 136 S. Ct. 2243, 2248–49 (2016)). Under the categorical approach, the court "must determine whether a given offense is a crime of violence by focusing categorically on the offense's statutory definition, *i.e.*, the intrinsic elements of the offense, rather than on the defendant's particular underlying conduct." *United States v. McCoy*, 995 F.3d 32, 54 (2d Cir. 2021). In doing this, the court is simply comparing the legal elements of the predicate offense to the elements clause of § 924(c)(3)(A). *See Boykin*, 2020 WL 774293, at *5. But if the predicate offense statute is "'divisible'—*i.e.*, it defines multiple separate crimes—we apply the 'modified categorical' approach and look at 'a limited class of documents' from the record of conviction to 'determine what crime, with what elements, a defendant was convicted of.'" *Gray v. United States*, 980 F.3d 264, 266 (2d Cir. 2020) (quoting *Mathis*, 136 S. Ct. at 2249); *see also Boykin*, 2020 WL 774293, at *5. The indictment and the plea colloquy are among the documents that the court may consider under the modified categorical approach. *See Shepard v. United States*, 544 U.S. 13, 26 (2005); *Boykin*, 2020 WL 774293, at *5.

With either approach, the court identifies the minimum criminal conduct sufficient for a conviction under the elements of the predicate offense—the court "'cannot go behind the offense *as it was charged* to reach [its] own determination as to whether the underlying facts' qualify the

offense as a crime of violence." *Boykin*, 2020 WL 774293 at *6 (quoting *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018)) (alteration in original).

Here, Varona argues that the predicate offense of murder in aid of racketeering under 18 U.S.C. § 1959(a)[4] "encompasses non-qualifying conduct (reckless murder, felony murder)" as well as intentional murder, and that murder in aid of racketeering "is indivisible, so this Court may not consider Varona's plea allocution to narrow the offense." Br. Supp. 4; *see also id.* at 6–16. But 18 U.S.C. § 1959(a) is divisible, because "[b]y (a) setting forth numerous different crimes of violence and (b) invoking state and federal criminal laws, the Violent Crimes in Aid of Racketeering statute (VICAR) [(18 U.S.C. § 1959)] presents many alternative crimes with distinct elements." *DeJesus*, 6711478, at *3. Accordingly, the Court applies the modified categorical approach, and examines the Superseding Information along with Varona's plea colloquy to determine what type of murder formed the basis for Varona's conviction.[5]

The Superseding Information does not narrow the particular type of murder that Varona committed, but his plea allocution makes it clear that Varona committed an intentional murder. After admitting to the offenses listed in the Superseding Information, Varona explained that he possessed a firearm in the Bronx and used it to shoot Pedro Melle because Melle was infringing into Varona's enterprise's drug-selling territory "and we didn't want him no further, any longer."

---

[4] "Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders . . . any individual in violation of the laws of any State or the United States . . . shall be punished . . . ." 18 U.S.C. § 1959(a).

[5] The murder in aid of racketeering underlying Varona's § 924(c) conviction was an uncharged offense, and the Superseding Information did not specify which federal or state statute proscribed the murder in aid of racketeering. *See* Superseding Information 3–4. An uncharged offense can serve as the predicate crime for a § 924(c) charge, "so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Johnson v. United States*, 779 F.3d 125, 129 (2d Cir. 2015). Varona's plea colloquy provides that proof.

7

Plea Tr. 15:7–9, 17:18–18:9. Varona admits that his allocution "would indicate that Varona admitted to an intentional killing." Br. Supp. 11. Accordingly, the Court finds that the predicate crime of violence underlying Varona's § 924(c) conviction was an intentional murder in aid of racketeering.[6]

Varona's final argument, that intentional murder is not categorically a crime of violence because it can be accomplished by omission or "doing nothing," (Br. Supp. 18, citing *Chrzanoski v. Ashcroft*, 327 F.3d 188, 197 (2d Cir, 2003)) is foreclosed by *United States v. Scott*, 990 F.3d 94, 107–113 (2d Cir. 2021) ("*Scott II*"). *Scott II* held that New York first-degree manslaughter (which a defendant commits when, intending to cause at least serious physical injury, he causes the death of another person)

> is a categorically violent crime under the force clauses of ACCA[7] and the Career Offender Guideline[8] because—whether a defendant acts by commission or omission—the offense's causation and intent elements can be satisfied only when a defendant knowingly employs the violent force causing death as the instrument for pursuing his own seriously injurious purpose.

---

[6] Whether this murder was chargeable under 18 U.S.C. § 1111 or New York Penal Law § 125.25(1) is immaterial, as both of those statutes are themselves divisible, and both penalize the intentional killing of another. *See Boykin*, 2020 WL 774293, at *6; *Johnson v. United States*, Nos. 94 Cr. 631, 16 Civ. 5113, 2021 WL 638289, at *1 (S.D.N.Y. Feb. 17, 2021); *Duncan v. United States*, Nos. 17-cv-00091-EJL, 7-cr-00023-EJL, 2019 WL 6053010, at *5 (D. Idaho Nov. 15, 2019); *cf. Santana-Felix v. Barr*, 924 F.3d 51, 56 (2d Cir. 2019) (discussing similarities between 18 U.S.C. § 1111 and NYPL 125.25).

[7] Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B).
Because they are substantially identical, *Hill*, 890 F.3d at 57 n.8, the Second Circuit has cited to interpretations of the ACCA's elements clause when interpreting § 924(c)(3)(A)'s elements clause, and the Court finds it helpful to do the same here. *See, e.g.*, *McCoy*, 995 F.3d at 57; *Gray*, 980 F.3d at 265.

[8] U.S.S.G. § 4B1.2(a).

*Id.* at 113. The law treats a failure to act where the law imposes a duty to act (i.e., an omission) as "'the equivalent of *affirmative action*' for purposes of identifying criminal culpability." *Id.* at 114–15 (citation omitted). So, the argument that an omission is not the "use" of physical force (because it is no act at all) must fail. This reasoning applies with even more force where, as here, the defendant causes death while intending to case death. As *Scott II* explained:

> [W]e reject [the "omission is not a use of physical force"] reasoning, which, carried to its logical—or illogical—conclusion, would preclude courts from recognizing even intentional murder as a categorically violent crime because, presumably, it is just as possible for a defendant to cause a person's death by omission when the defendant's specific intent is to kill, *see* N.Y. Penal Law § 125.25(1) (second-degree murder), as when his specific intent is to cause serious physical injury, *see id.* § 125.20(1) (first-degree manslaughter). We decline to take the law down a path leading so far from the violent reality of these two most serious, intentionally injurious homicide crimes.

*Id.* at 100. In fact, the Supreme Court's decision in *United States v. Castleman*, 572 U.S. 157 (2014), precludes the courts from taking the law down that path, as *Scott II* recognized. *Id.* ("[T]he 'knowing or intentional causation of bodily injury *necessarily* involves the use of physical force,'" and death is "the ultimate bodily injury." (quoting *Castleman*, 572 U.S. at 169)).

Further, the Second Circuit has, in summary orders, specifically held that New York State murder is categorically a crime of violence under § 924(c)(3)(A)'s elements clause. *United States v. Herron*, 762 F. App'x 25, 32 n.5 (2d Cir. 2019) (collecting cases); *United States v. Sierra*, 782 F. App'x 16, 20–21 (2d Cir. 2019). This Court joins

9

with those whose decisions have been bolstered by *Scott II*, and holds that intentional murder in aid of racketeering in violation of 18 U.S.C. § 1959(a) is, categorically, a crime of violence under § 924(c)(3)(A) because it necessarily involves the use of physical force. *See, e.g., Johnson*, 2021 WL 638289, at *4–5; *Boykin*, 2020 WL 774293, at *8, *9; *see also Sanchez* 2021 WL 1164538, at *5 (concluding same post-*Scott II*). "[T]he crime of murder has always been understood to be a crime of violence—indeed, the ultimate crime of violence." *Boykin*, 2020 WL 774293, at *1.

## CONCLUSION

Because his conviction under § 924(c) was predicated on a crime of violence that satisfies § 924(c)(3)(A)'s elements clause, the Court denies Varona's § 2255 motion to vacate that conviction. No hearing is required on the motion, because the case law and the record in this case clearly demonstrate the futility of Varona's purely legal argument. *See United States v. Russell*, Nos. 05-CR-401, 16-CV-3642, 2018 WL 3213274, at *4 (E.D.N.Y. June 29, 2018).

Varona has not made a substantial showing of the denial of a constitutional right, so no certificate of appealability will issue. 28 U.S.C. § 2253(c)(2). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to close the motion at ECF number 59, and to close the civil case at 16-cv-4664.

Dated: New York, New York
      July _8_, 2021

SO ORDERED

*Paul A Crotty*

HONORABLE PAUL A. CROTTY
United States District Judge